Don Bivens (#005134)
Patricia Lee Refo (#017032)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren St., Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
E-Mail: dbivens@swlaw.com
            prefo@swlaw.com

*Attorneys for Defendants Motel 6 Operating L.P.,
and G6 Hospitality LLC, dba Motel 6*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane V.; John A.; John E.; Jane F.; John D.; John M.; Jane N.; and John W.; individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>Motel 6 Operating L.P., a limited partnership; G6 Hospitality LLC, a limited liability company, dba Motel 6; and Does 1-10,<br><br>        Defendants. | No.:  2:18-cv-00242-DGC<br><br><br>**DEFENDANTS' ANSWER AND DEFENSES TO THE CLASS ACTION COMPLAINT** |

Defendants Motel 6 Operating L.P. and G6 Hospitality LLC dba Motel 6 ("Defendants"), by and through its attorneys, file this answer to the Class Action Complaint filed by Jane V.; John A.; John E.; Jane F.; John D.; John M.; Jane N.; and John W. ("Plaintiffs").  To the extent Defendants do not specifically admit any allegation, they deny the allegation.  Defendants answer the corresponding numbered paragraphs below.

**INTRODUCTION TO ANSWER**

Protecting the privacy and security of its guests, employees and the public are core values of the utmost importance to Defendants.  That is why in September 2017 Defendants announced publicly that they would direct their properties in the State of

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

Arizona and nationwide that they are prohibited from voluntarily providing daily guest lists to Department of Homeland Security, U.S. Immigration and Customs Enforcement ("DHS/ICE") absent compulsory process, including a subpoena or warrant, or truly extenuating circumstances, such as an imminent threat to public, employee or guest safety.  Defendants did issue such a directive and reiterated the policy change to their properties nationwide in January 2018.  Now, Plaintiffs are attempting to hold Defendants liable for cooperating with federal law enforcement based on Plaintiffs' belief that law enforcement's requests were unlawful and damaged them.  Federal law enforcement officials, not private citizens, however, are responsible for ensuring their actions are lawful and for damages caused by unlawful actions.  Defendants believe that the updated policy strikes the appropriate balance between protecting the privacy of its guests and ensuring public safety, and that the Individual Plaintiffs' purported class action lawsuit is meritless.

## I.   INTRODUCTION

**1.     Motel 6 employs a corporate policy and/or practice of disclosing guest registration information, including guests' personal information, to agents of United States Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). Plaintiffs challenge this policy and/or practice because it is racially discriminatory, unconstitutional, and violates laws that protect privacy rights and the rights of consumers.**

**ANSWER**:  Paragraph 1 states legal conclusions that do not require a response. Insofar as paragraph 1 requires a response, Defendants deny the allegations.

**2.     Defendants Motel 6 Operating, L.P., G6 Hospitality LLC, and Does 1-10 (hereafter, collectively referred to as "Motel 6") disclose guests' personal information to DHS and ICE agents without requiring a warrant or reasonable suspicion of criminal activity, in violation of the company's written assurances that it protects the privacy of its guests, and to assist DHS and ICE agents in unlawfully arresting or otherwise detaining guests. Motel 6's policy and/or practice of disclosing guests'**

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    **personal information to ICE agents violates the United States Constitution, federal**
2    **civil rights statutes and Arizona statutes. Plaintiffs bring this class action to obtain a**
3    **declaration that Motel 6 violates federal and state law, and to obtain injunctive relief**
4    **and damages.**

5    **ANSWER**:  Paragraph 2 states legal conclusions that do not require a response.
6    Insofar as paragraph 2 requires a response, Defendants admit that Motel 6 has a privacy
7    policy available online.  Defendants state that the full online privacy policy, a true and
8    correct copy of which is attached as **Exhibit A**, is in writing and speaks for itself and
9    denies that paragraph 2 accurately or fully characterizes that policy.  In fact, the relevant
10    part of the policy states: "**We may disclose Guest Information to law enforcement**
11    **agencies**, *or* may be required to disclose it during the discovery process in litigation,
12    pursuant to a court order, or in compliance with any applicable law, regulation, rule or
13    ordinance."  Defendants deny any allegations in paragraph 2 that abbreviate the privacy
14    policy available online.

## II.    JURISDICTION AND VENUE

16    **3.**      **This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343**
17    **and under 42 U.S.C. § 1983 over Plaintiffs' claims under federal law and the**
18    **Constitution of the United States. This Court has original jurisdiction over Plaintiffs'**
19    **request for declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202. This**
20    **Court has supplemental jurisdiction over Plaintiffs' common and state law claims**
21    **under 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).**

22    **ANSWER**:  Paragraph 3 states legal conclusions that do not require a response.
23    Insofar as paragraph 3 requires a response, Defendants deny the allegations.

## III.    PARTIES

25    **4.**      **Plaintiff Jane V. is Latina and a resident of Glendale, Arizona.**

26    **ANSWER**: Defendants lack sufficient knowledge or information to form a belief as
27    to the truth of allegations in paragraph 4 and therefore deny those allegations.

28

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**5.** **Plaintiff John A. is Latino and a resident of Phoenix, Arizona.**

**ANSWER**: Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 5 and therefore deny those allegations.

**6.** **Plaintiff John E. is Latino and a resident of Tucson, Arizona.**

**ANSWER**: Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 6 and therefore deny those allegations.

**7.** **Plaintiff Jane F. is Latina and a resident of Tucson, Arizona.**

**ANSWER**:  Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 7 and therefore deny those allegations.

**8.** **Plaintiff John D. is Latino and a resident of Phoenix, Arizona.**

**ANSWER**:  Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 8 and therefore deny those allegations.

**9.** **Plaintiff John M. is Latino and a resident of Phoenix, Arizona.**

**ANSWER**: Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 9 and therefore deny those allegations.

**10.** **Plaintiff Jane N. is Latina and a resident of Phoenix, Arizona.**

**ANSWER**: Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 10 and therefore deny those allegations.

**11.** **Plaintiff John W. is Latino and a resident of Auburn, Washington.**

**ANSWER**: Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 11 and therefore deny those allegations.

**12.** **Plaintiffs proceed individually and on behalf of all others similarly situated.**

**ANSWER**:   Paragraph 12 states a legal conclusion that does not require a response.  Insofar as paragraph 12 requires a response, Defendants admit that Plaintiffs purport to bring this action individually and on behalf of all others similarly situated, but otherwise deny the allegations.

- 4 -

1
2
3
4
5

**13.**     **Defendant Motel 6 Operating, L.P., is a limited partnership headquartered in Carrollton, Texas.  Defendant Motel 6 Operating, L.P., owns and manages Motel 6 hotels throughout the United States, including those at 1530 North 52nd Drive, Phoenix, Arizona 85043 ("Motel 6 Phoenix West") and 4130 North Black Canyon Highway, Phoenix, Arizona 85017 ("Motel 6 Black Canyon").**

6
7
8

**ANSWER**:  Defendants admit that Motel 6 Operating, L.P., is a limited partnership headquartered in Carrollton, Texas.  Defendants otherwise deny the allegations in paragraph 13.

9
10
11
12
13

**14.**     **Defendant G6 Hospitality LLC, doing business as Motel 6, is a limited liability company headquartered in Carrollton, Texas. Defendant G6 Hospitality LLC owns and manages Motel 6 hotels throughout the United States, including the Motel 6 Phoenix West and the Motel 6 Black Canyon. On the basis of knowledge and belief, G6 Hospitality LLC is the parent company of Motel 6 Operating, L.P.**

14
15
16
17

**ANSWER**:  Defendants admit that Defendant G6 Hospitality LLC ("G6") is a limited liability company headquartered in Carrollton, Texas which owns and operates Motel 6 hotels throughout the United States, including the Motel 6 Phoenix West and the Motel 6 Black Canyon.  Defendants otherwise deny the allegations in paragraph 14.

18
19
20
21
22
23

**15.**     **Defendants Does 1-10 are currently unidentified employees who work or worked at the Motel 6 Phoenix West and Motel 6 Black Canyon locations and who disclosed the personal information of motel guests to DHS and ICE agents. Defendants Does 1-10, acting on behalf of Defendants Motel 6 Operating, L.P., and G6 Hospitality LLC, conspired with DHS and ICE agents in the unlawful interrogation, detention, and arrest of Plaintiffs.**

24
25
26

**ANSWER**:  Paragraph 15 states legal conclusions that do not require a response. Insofar as paragraph 15 requires a response, Defendants otherwise deny the allegations in paragraph 15.

27
28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

### IV.    FACTUAL ALLEGATIONS

**16.    Since at least February 2017, Motel 6 employees at multiple Motel 6 locations in Phoenix, Arizona, disclosed the personal information of guests to DHS and ICE agents without requiring a warrant.   These Motel 6 employees,  identified herein as Does 1-10, acted pursuant to a company policy and/or practice, and in violation of the company's written assurances that it protects the privacy of its guests, to facilitate DHS and ICE agents' unreasonable and warrantless  interrogation, detention, and arrest of motel guests, including Plaintiffs.**

**ANSWER**: Paragraph 16 states legal conclusions that do not require a response. Insofar as paragraph 16 requires a response, Defendants otherwise deny the allegations in paragraph 16.

#### a.    Plaintiff Jane V.

**17.    On or about June 25, 2017, Plaintiff Jane V. registered as a guest at the Motel 6 Black Canyon with her four children.  Plaintiff Jane V. and her  children checked into the Motel 6 Black Canyon to escape the heat because their apartment lacked air conditioning.  Plaintiff Jane V. showed a Motel 6 employee her Mexican consular identification card when she registered as a guest.  A Motel  6 employee made a photocopy of Plaintiff Jane V.'s consular identification card.**

**ANSWER**: Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 17 and therefore deny those allegations.

**18.    On or about June 26, 2017, at approximately 5:00 a.m., three ICE agents banged loudly on the door of the room where Plaintiff Jane V. and her children slept.  The ICE agents verbally identified themselves as "police."  Plaintiff Jane V. opened the door.   ICE agents interrogated Plaintiff Jane V. in front of her children.   One of the ICE agents referred to Plaintiff Jane V. by name  and asked her to confirm her identity.   ICE agents threatened to separate Plaintiff  Jane V. from her children.  Plaintiff Jane V. answered the ICE agents' questions.   After interrogating Plaintiff Jane V., the ICE agents gave Plaintiff Jane V. a "Call-in**

Letter" instructing her to report to ICE's Phoenix Field Office in the next few days.

**ANSWER**: Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 18 and therefore deny those allegations.

**19.** As instructed by the "Call-in Letter," several days later Plaintiff Jane presented herself at ICE's Phoenix Field Office. At the Field Office, ICE agents interrogated, fingerprinted, and issued Plaintiff Jane V. a "Notice to Appear." When Plaintiff Jane V. asked an ICE agent if a Motel 6 employee had provided her personal information to ICE, the ICE agent laughed and told her that her name had coincidently "popped up" in the agency's computer system.

**ANSWER**: Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 19 and therefore deny those allegations.

**20.** Upon information and belief, ICE agents arrested Plaintiff Jane V. without a warrant and without reason to believe that Plaintiff Jane V. was likely to escape before a warrant could be obtained.

**ANSWER**: Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 20 and therefore deny those allegations.

        **b.**    **Plaintiff John A.**

**21.** On or about July 5, 2017, Plaintiff John A. registered as a guest at the Motel 6 Phoenix West. Plaintiff John A. showed a Motel 6 employee his Mexican passport when he registered as a guest. A Motel 6 employee made a photocopy of Plaintiff John A.'s Mexican passport.

**ANSWER**: Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 21 and therefore deny those allegations.

**22.** On or about July 6, 2017, at approximately 5:00 a.m., three ICE agents banged loudly on the door and window of the room where Plaintiff John A. slept. Plaintiff John A. opened the door and stepped outside. Plaintiff John A. saw ICE agents holding a paper that, based on his knowledge and belief, was printed on paper with Motel 6's logo and that contained his name and room number. ICE agents

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1  interrogated Plaintiff John A. outside of the motel room. One of the ICE agents
2  referred to Plaintiff John A. by name and asked Plaintiff John A. to confirm his
3  identity. Plaintiff John A. answered the ICE agents' questions. ICE agents
4  handcuffed Plaintiff John A. and took him into custody. ICE agents transferred
5  Plaintiff John A. to ICE's Phoenix Field Office in a van with others whom ICE agents
6  had detained that morning at the Motel 6 Phoenix West.

7      **ANSWER**: Defendants lack sufficient knowledge or information to form a belief as
8  to the truth of allegations in paragraph 22 and therefore deny those allegations.

9      **23.**    At ICE's Phoenix Field Office, ICE agents interrogated, fingerprinted,
10  and issued Plaintiff John A. a "Notice to Appear."  When Plaintiff John A. asked an
11  ICE agent if a Motel 6 employee had provided his personal  information to ICE
12  agents, the ICE agent told him that he could not share those  details.  Plaintiff John A.
13  paid a $12,000 bond and was subsequently permitted to  leave the Field Office.

14      **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief
15  as to the truth of allegations in paragraph 23 and therefore deny those allegations.

16      **24.**    Upon information and belief, Plaintiff John A.'s room was located in  an
17  area on motel property that was, at all material times, enclosed behind a gate  that
18  could only be accessed with a motel pass.  Upon information and belief, Motel  6
19  employees, acting pursuant to a company policy and/or practice, granted ICE  agents
20  access to the area where Plaintiff John A.'s room was located.

21      **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief
22  as to the truth of allegations in paragraph 24 and therefore deny those allegations.

23      **25.**    Upon information and belief, ICE agents arrested Plaintiff John A.
24  without a warrant and without reason to believe that Plaintiff John A. was likely to
25  escape before a warrant could be obtained.

26      **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief
27  as to the truth of allegations in paragraph 25 and therefore deny those allegations.

28

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

c.    **Plaintiffs John E. and Jane F.**

**26.    On or about July 18, 2017, Plaintiff John E., Plaintiff Jane F., and their three children registered as guests at the Motel 6 Phoenix West. Plaintiffs John E. and Jane F. had travelled to Phoenix with their children so that Plaintiff John E. could start a new job. Plaintiff John E. showed a Motel 6 employee his Mexican driver's license when he registered as a guest. A Motel 6 employee made a photocopy of Plaintiff John E.'s Mexican driver's license.**

ANSWER:  Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 26 and therefore deny those allegations.

**27.    On or about July 19, 2017, at approximately 5:30 a.m., as Plaintiff John E. sat in his car in the Motel 6 parking lot and prepared to drive to work, an ICE vehicle parked in front of Plaintiff John E.'s car, blocking it from leaving. ICE agents exited the vehicle and approached Plaintiff John E.'s car. One of the ICE agents referred to Plaintiff John E. by name and asked Plaintiff John E. to confirm his identity. Plaintiff John E. saw ICE agents holding a paper that, based on his knowledge and belief, contained his name and room number. ICE agents interrogated Plaintiff John E. Plaintiff John E. answered the ICE agents' questions. ICE agents handcuffed and placed Plaintiff John E. into a van. Plaintiff John E. overheard, on an ICE agent's radio, that ICE agents were investigating four or five other rooms at the Motel 6 Phoenix West. ICE agents arrested and transferred Plaintiff John E. to ICE's Phoenix Field Office.**

ANSWER:  Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 27 and therefore deny those allegations.

**28.    At ICE's Phoenix Field Office, ICE agents interrogated, fingerprinted, and issued Plaintiff John E. a "Notice to Appear." When Plaintiff John E. asked an ICE agent if a Motel 6 employee provided ICE agents his personal information, the ICE agent laughed and told Plaintiff John E. that ICE arrested him during a standard raid. ICE agents transferred Plaintiff John E. to an immigration detention**

center where he was held for more than 30 days before he paid a $7,500.00 bond and was released.

**ANSWER**:  Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 28 and therefore deny those allegations.

29.    After detaining Plaintiff John E. in the Motel 6 parking lot, ICE agents banged loudly on the door of the room where Plaintiff Jane F. and her three children slept. Plaintiff Jane F. opened the door. ICE agents informed Plaintiff Jane F. that her husband had been arrested. ICE agents interrogated Plaintiff Jane F. in front of her children. Plaintiff Jane F. answered the ICE agents' questions. ICE agents left Plaintiff Jane F. with her children.

**ANSWER**:  Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 29 and therefore deny those allegations.

30.    Upon information and belief, ICE agents arrested Plaintiff John E. without a warrant and without reason to believe Plaintiff John E. was likely to escape before a warrant could be obtained.

**ANSWER**:  Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 30 and therefore deny those allegations.

### d.    Plaintiff John D.

31.    On or about July 9, 2017, Plaintiff John D. registered as a guest at the Motel 6 Phoenix West. Plaintiff John D. showed a Motel 6 employee his Mexican consular identification card when he registered as a guest. A Motel 6 employee made a photocopy of Plaintiff John D.'s consular identification card.

**ANSWER**:  Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 31 and therefore deny those allegations.

32.    On or about July 10, 2017, at approximately 6:00 a.m., two ICE agents approached and immediately handcuffed Plaintiff John D. in the Motel 6 parking lot as he approached his car to drive to work. ICE agents removed Plaintiff John D.'s wallet from his pocket and asked Plaintiff John D. for documentation showing

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    authorized presence in the United States. ICE agents interrogated Plaintiff John D.

2    ICE agents took Plaintiff John D. into custody and transferred him to ICE's Phoenix

3    Field Office.

4        **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief

5    as to the truth of allegations in paragraph 32 and therefore deny those allegations.

6        **33.**    At ICE's Phoenix Field Office, ICE agents interrogated, fingerprinted,

7    and issued Plaintiff John D. a "Notice to Appear." Plaintiff John D. paid a $10,000

8    bond and was subsequently permitted to leave the Field Office.

9        **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief

10    as to the truth of allegations in paragraph 33 and therefore deny those allegations.

11        **34.**    Upon information and belief, ICE agents arrested Plaintiff John D.

12    without a warrant and without reason to believe that Plaintiff John D. was likely to

13    escape before a warrant could be obtained.

14        **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief

15    as to the truth of allegations in paragraph 34 and therefore deny those allegations.

16        **e.**    <u>Plaintiffs John M. and Jane N.</u>

17        **35.**    On or about June 28, 2017, Plaintiff John M. registered as a guest at the

18    Motel 6 Phoenix West. Plaintiff Jane N. accompanied Plaintiff John M., who is her

19    husband.  Plaintiffs John M. and Jane N. checked into the Motel 6 Phoenix West to

20    escape the heat because the air conditioning in their home was not functioning.

21    Plaintiff John M. showed a Motel 6 employee his Mexican passport when he

22    registered as a guest.  A Motel 6 employee made a photocopy of Plaintiff John M.'s

23    Mexican passport.

24        **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief

25    as to the truth of allegations in paragraph 35 and therefore deny those allegations.

26        **36.**    On or about June 29, 2017, at approximately 6 a.m., three ICE agents

27    banged loudly on the door of the room where Plaintiffs John M. and Jane N. slept.

28    The ICE agents demanded entrance to the room and stated that they were searching

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

1  for a person.  Plaintiff John M. opened the door. The ICE agents immediately entered
2  the room and handcuffed Plaintiff John M. ICE agents interrogated Plaintiff John M.
3  Plaintiff John M. answered the ICE agents' questions. ICE agents fingerprinted
4  Plaintiff John M.

5      **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief
6  as to the truth of allegations in paragraph 36 and therefore deny those allegations.

7      **37.**    **As ICE agents entered and detained Plaintiff John M., Plaintiff Jane N.**
8  **was in the bathroom attempting to change clothing. Plaintiff John M. told ICE agents**
9  **that Plaintiff Jane N. was sick and in recovery from a recent surgery, for which she**
10  **was taking medication and bleeding regularly. ICE agents demanded that Plaintiff**
11  **Jane N. exit the bathroom. Immediately after Plaintiff Jane N. exited the bathroom,**
12  **ICE agents handcuffed her. ICE agents interrogated and fingerprinted Plaintiff Jane**
13  **N. Plaintiff Jane N. answered the ICE agents' questions. ICE agents arrested and**
14  **transferred Plaintiffs John M. and Jane N. to ICE's Phoenix Field Office.**

15      **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief
16  as to the truth of allegations in paragraph 37 and therefore deny those allegations.

17      **38.**    **At ICE's Phoenix Field Office, ICE agents separated Plaintiffs John M.**
18  **and Jane N. ICE agents interrogated and issued Plaintiff John M. a "Notice to**
19  **Appear."  Plaintiff John M. paid a $3,000 bond and was subsequently permitted to**
20  **leave the Field Office.  ICE agents transferred Plaintiff Jane N. to a detention center.**
21  **ICE agents allowed Plaintiff John M. to speak with Plaintiff Jane N. at the Field**
22  **Office for only a few minutes before transferring Plaintiff Jane N. to a detention**
23  **center. The following day, on June 30, 2017, DHS removed Plaintiff Jane N. from the**
24  **United States.**

25      **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief
26  as to the truth of allegations in paragraph 38 and therefore deny those allegations.

27      **39.**    **Upon information and belief, ICE agents arrested Plaintiffs John M. and**
28  **Jane N. without a warrant and without reason to believe that Plaintiffs John M. and**

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1  **Jane N. were likely to escape before a warrant could be obtained.**

2          **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief

3  as to the truth of allegations in paragraph 39 and therefore deny those allegations.

4                  **f.        Plaintiff John W.**

5          **40.        On or about June 26, 2017, Plaintiff John W. registered as a guest at the**

6  **Motel 6 Phoenix West. Plaintiff John W. was accompanied by his mother, brother,**

7  **and two children. Plaintiff John W. and his family checked into the Motel 6 Phoenix**

8  **West in order to attend a court hearing for Plaintiff John W.'s wife. Plaintiff John W.**

9  **showed a Motel 6 employee his Washington state driver's license when he registered**

10 **as a guest. A Motel 6 employee made a photocopy of Plaintiff John W.'s Washington**

11 **state driver's license.**

12         **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief

13 as to the truth of allegations in paragraph 40 and therefore deny those allegations.

14         **41.        On or about June 28, 2017, at approximately 6:00 a.m., Plaintiff John**

15 **W. and his family awoke to the sound of someone pulling on the handle of their motel**

16 **room door. Plaintiff John W. saw, through the window, an agent with a jacket**

17 **identifying the agent as "police."  Plaintiff John W. opened the room door. ICE**

18 **agents immediately pulled Plaintiff John W. by his hand and handcuffed him. ICE**

19 **agents interrogated and fingerprinted Plaintiff John W. ICE agents entered the room**

20 **and interrogated Plaintiff John W.'s mother, who was crying. ICE agents directed**

21 **Plaintiff John W.'s mother to be quiet and console his oldest child, who was also**

22 **crying. ICE agents arrested and transferred Plaintiff John W. to ICE's Phoenix Field**

23 **Office.**

24         **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief

25 as to the truth of allegations in paragraph 41 and therefore deny those allegations.

26         **42.        At ICE's Phoenix Field Office, ICE agents fitted Plaintiff John W. with**

27 **an ankle bracelet monitor. ICE agents ordered Plaintiff John W. to report to ICE in**

28 **Washington in a few days.**

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief

2    as to the truth of allegations in paragraph 42 and therefore deny those allegations.

3    **43.      Upon information and belief, ICE agents arrested Plaintiff John W.**

4    **without a warrant and without reason to believe that Plaintiff John W. was likely to**

5    **escape before a warrant could be obtained.**

6    **ANSWER**:  Defendants lack sufficient knowledge or information to form a belief

7    as to the truth of allegations in paragraph 43 and therefore deny those allegations.

8                         **g.      Motel 6**

9    **44.      Upon information and belief, Motel 6 maintains a policy and/or practice**

10   **of disclosing guest registration information, including personal information, of its**

11   **guests to DHS and ICE agents without a warrant or reasonable suspicion of a crime.**

12   **ANSWER**:  Defendants deny the allegations in paragraph 44.

13   **45.      At all relevant times, Motel 6 employees, including Does 1-10, acted**

14   **within the scope of their employment and pursuant to a policy and/or practice of**

15   **disclosing the personal information of its guests, including Plaintiffs, to DHS and ICE**

16   **agents. At all relevant times, Motel 6 directed and supervised its employees' conduct**

17   **pursuant to its policy and/or practice of disclosing guest registration information to**

18   **DHS and ICE agents.**

19   **ANSWER**:  Paragraph 45 states legal conclusions that do not require a response.

20   Insofar as paragraph 45 requires a response, Defendants deny the allegations in paragraph

21   45.

22                         **h.      Conspiracy with DHS and ICE**

23   **46.      Beginning at least as early as February 2017, Motel 6 directed its**

24   **employees to disclose guest registration information, including guests' personal**

25   **information, to ICE agents. Upon information and belief, Motel 6 maintained this**

26   **policy and/or practice pursuant to an agreement between Motel 6, DHS and ICE.**

27   **Upon information and belief, Motel 6 employees were encouraged by Motel 6 to act**

28   **for the benefit of law enforcement and a relationship with law enforcement. Motel 6**

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

and ICE maintained this policy and/or practice with the goal that ICE agents interrogate, detain, and arrest guests, including Plaintiffs, without a warrant or reasonable suspicion.

**ANSWER**:  Defendants deny the allegations in paragraph 46.

**47.**     **In furtherance of Motel 6's goal, and for this purpose, Motel 6 obtained the personal information of its guests and disclosed it to ICE agents to facilitate ICE agents' unreasonable and warrantless interrogation, detention, and arrest of its guests, including Plaintiffs. Upon information and belief, Motel 6 disclosed Plaintiffs' personal information, including names and room numbers, to ICE agents pursuant to an agreement between Motel 6 and ICE agents.**

**ANSWER**:  Defendants admit that certain corporate-owned properties responded to requests from DHS/ICE for guest information.  Defendants otherwise deny the allegations in paragraph 47.

**48.**     **In furtherance of Motel 6's goal, Motel 6 employees granted ICE agents access to gated and non-public areas that were under Motel 6's exclusive control in order to facilitate ICE agents' interrogation, detention, and arrest of guests, including Plaintiffs, without a warrant or reasonable suspicion.**

**ANSWER**:  Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 48 and therefore deny those allegations.

**49.**     **As was the plan, no arrest or search warrants were ever obtained by ICE for any guests at any Motel 6 locations. Instead, without warrants, ICE agents, supported by Motel 6 and its employees, unlawfully detained, interrogated, and arrested individuals without cause or consent and in violation of guests' civil rights.**

**ANSWER**:  Paragraph 49 states legal conclusions that do not require a response. Insofar as paragraph 49 requires a response, Defendants deny the allegations in paragraph 49.

**50.**     **By disclosing the personal information of its guests, including Plaintiffs, to DHS and ICE agents, Motel 6 performed a function that is traditionally the**

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

1    exclusive prerogative of the federal government.

2        **ANSWER**:  Paragraph 50 states legal conclusions that do not require a response.

3    Insofar as paragraph 50 requires a response, Defendants deny the allegations in paragraph

4    50.

5        **51.    Motel 6's disclosure of guest information, and the conspiracy amongst**

6    **all Defendants and ICE agents to unlawfully interrogate, detain, and arrest guests**

7    **was planned and executed under color of state law, federal law, or both.**

8        **ANSWER**:  Paragraph 51 states legal conclusions that do not require a response.

9    Insofar as paragraph 51 requires a response Defendants deny the allegations in paragraph

10   51.

11       **52.    Motel 6's privacy policy, available online, provides: "we are committed**

12   **to safeguarding the privacy of the personal information that we gather." Motel 6's**

13   **privacy policy further states: "[w]e may disclose Guest Information to law**

14   **enforcement agencies . . . pursuant to a court order, or in compliance with any**

15   **applicable law, regulation, rule or ordinance."**

16       **ANSWER**:  Defendants admit that Motel 6 has a privacy policy available online.

17   Defendants state that the full online privacy policy, a true and correct copy of which is

18   attached as **Exhibit A**, is in writing and speaks for itself and denies that paragraph 52

19   accurately or fully quotes that policy.  In fact, the relevant part of the policy states: "**We**

20   **may disclose Guest Information to law enforcement agencies**, *or* may be required to

21   disclose it during the discovery process in litigation, pursuant to a court order, or in

22   compliance with any applicable law, regulation, rule or ordinance."  Defendants deny any

23   allegations in paragraph 52 that abbreviate the privacy policy available online.

24       **53.    At all relevant times, Motel 6, including Does 1-10, did not act pursuant**

25   **to its privacy policy.**

26       **ANSWER**:  Defendants deny the allegations in paragraph 53.

27       **54.    Plaintiffs maintained, at all relevant times, a reasonable expectation that**

28   **their personal information, as contained in the guest registration information, would**

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

not be shared with DHS and ICE agents. Plaintiffs also maintained, at all relevant times, a reasonable expectation of privacy and seclusion within their motel rooms.

**ANSWER**:  Paragraph 54 states legal conclusions that do not require a response. Insofar as paragraph 54 requires a response, Defendants deny the allegations in paragraph 54.

### i.    <u>Intent to Discriminate</u>

**55.    Plaintiffs shared their personal information and entered into an agreement with Motel 6 in order to stay the night at Motel 6 locations. By disclosing Plaintiffs' personal information to DHS and ICE agents after they checked in, by violating its privacy policy as to Plaintiffs, and by intentionally violating the privacy of Plaintiffs, Motel 6 denied Plaintiffs the full benefits and enjoyment of their agreement with Motel 6, and treated Plaintiffs less favorably than other non-Latino guests.**

**ANSWER**:  Paragraph 55 states legal conclusions that do not require a response. Insofar as paragraph 55 requires a response, Defendants deny the allegations in paragraph 55.

**56.    Motel 6 intended to discriminate against Plaintiffs and other Latinos on the basis of race and/or national origin when Motel 6, including Does 1-10, disclosed guests' personal information to DHS and ICE agents. Motel 6 intended to deny Plaintiffs, on the basis of race and/or national origin, the full benefits and enjoyment of their agreement with Motel 6. On the basis of knowledge and belief, Motel 6 acted with the knowledge that this policy and/or practice would result in Plaintiffs being harmed on the basis of their race.**

**ANSWER**:  Defendants deny the allegations in paragraph 56.

**57.    As a result of Motel 6's unlawful policy and/or practice, Plaintiffs suffered damages, including but not limited to, emotional distress, depression, anxiety, mental suffering, loss of liberty, fear, and humiliation. Plaintiffs also incurred economic damages.**

1    **ANSWER**: Defendants deny the allegations in paragraph 57.

2    **58.    Motel 6 conspired with DHS and ICE agents to violate the Fourth**

3    **Amendment rights of Plaintiffs and deprive Plaintiffs of the equal protection of the**

4    **laws. Defendants acted in furtherance of the conspiracy when Motel 6 employees: (a)**

5    **disclosed guest registration information to ICE agents; and (b) granted ICE agents**

6    **access to gated and non-public areas under Motel 6's exclusive control to facilitate**

7    **ICE agents' interrogation, detention, and arrest of guests, including Plaintiffs,**

8    **without a warrant or reasonable suspicion of a crime. Motel 6 conspired with DHS**

9    **and ICE agents to deny its Latino guests, including Plaintiffs, the full benefits and**

10   **enjoyment of their agreement with Motel 6, and to discriminate against Plaintiffs on**

11   **the basis of race and/or national origin.**

12   **ANSWER**: Paragraph 58 states legal conclusions that do not require a response.

13   Insofar as paragraph 58 requires a response, Defendants deny the allegations in paragraph

14   58.

15   **V.    CLASS ACTION ALLEGATIONS**

16   **59.    Plaintiffs incorporate all of the allegations contained in the previous**

17   **paragraphs of this complaint as though fully set forth here.**

18   **ANSWER**: Defendants admit that Plaintiffs have made allegations and that

19   Plaintiffs purport to incorporate those allegations in paragraph 59.  Defendants incorporate

20   by reference their responses to those allegations.

21   **60.    Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this class action and seek**

22   **certification of the claims and certain issues in this action on behalf of a Class defined**

23   **as: All persons, who are within the jurisdiction of the United States, who stayed at a**

24   **Motel 6 location and were subjected to Motel 6's policy and/or practice of disclosing**

25   **personal information to federal immigration agents between February 1, 2017 and**

26   **the date of judgment in this action (the "Class"). Plaintiffs also seek to represent a**

27   **subclass which consists of all Latinos who stayed at a Motel 6 location and were**

28   **subjected to Motel 6's policy and/or practice of disclosing personal information to**

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**federal immigration agents. Plaintiffs also seek to represent a subclass which consists of all persons who stayed a Motel 6 location in Arizona and who were subjected to Motel 6's policy and/or practice of disclosing personal information to federal immigration agents.**

   **ANSWER**: Defendants admit that Plaintiffs purport to bring this lawsuit as a class action, that Plaintiffs seek certification of a Class, and that Plaintiffs also seek to represent two distinct subclasses.  Defendants deny the remaining allegations in paragraph 60.

   **61.   Plaintiffs reserve the right to amend the Class and Subclass definitions if further investigation and discovery indicates that the Class and Subclass definitions should be narrowed, expanded, or otherwise modified. Excluded from the Class and Subclasses are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class and Subclasses is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.**

   **ANSWER**: Paragraph 61 states legal conclusions that do not require a response. Insofar as paragraph 61 requires a response, Defendants deny the allegations in paragraph 61.

   **62.   Plaintiffs are members of the Class and Subclasses.**

   **ANSWER**: Paragraph 62 states legal conclusions that do not require a response. Insofar as paragraph 62 requires a response, Defendants deny the allegations in paragraph 62.

   **63.   Upon information and belief, the members of the Class and Subclasses are so numerous that joinder of all of them is impracticable. Motel 6 has approximately 1,200 locations across the United States and in each of the 50 states. Plaintiffs do not know the precise number of Class and Subclass Members, as this information is in Motel 6's possession.**

1      **ANSWER**:  Paragraph 63 states legal conclusions that do not require a response.

2   Insofar as paragraph 63 requires a response, Defendants lack sufficient knowledge or

3   information to form a belief as to the truth of allegations in paragraph 63 and therefore

4   deny those allegations.

5      **64.     There are questions of law and fact common to the Class and Subclasses,**

6   **and these questions predominate over any questions affecting only individual**

7   **members. Common questions include, among others: (1) whether is it Motel 6's**

8   **policy and/or practice to disclose its guests' personal information to federal**

9   **immigration agents; (2) whether Plaintiffs and the Class (and Subclasses) suffered**

10  **harm as a result of Motel 6's unlawful policy and/or practice; (3) whether Plaintiffs**

11  **and the Class (and Subclasses) are entitled to compensatory damages; (4) whether**

12  **Plaintiffs and the Class (and Subclasses) are entitled to noneconomic damages; (5)**

13  **what equitable and injunctive relief for the Class (and Subclasses) is warranted; and**

14  **(6) the scope of a resulting permanent injunction.**

15     **ANSWER**:  Paragraph 64 states legal conclusions that do not require a response.

16  Insofar as paragraph 64 requires a response, Defendants deny the allegations in paragraph

17  64.

18     **65.     Plaintiffs' claims are typical of the claims of the Class and Subclasses**

19  **because: (1) Plaintiffs were within the jurisdiction of the United States; (2) Plaintiffs**

20  **were subjected to Motel 6's policy and/or practice of disclosing personal information**

21  **to federal immigration agents; and (3) Plaintiffs were harmed as a result of Motel 6's**

22  **conduct. All of these claims are substantially shared by each and every member of the**

23  **Class and Subclasses. All of the claims arise from the same course of conduct by**

24  **Motel 6, and the relief sought is common.**

25     **ANSWER**:  Paragraph 65 states legal conclusions that do not require a response.

26  Insofar as paragraph 65 requires a response, Defendants deny the allegations in paragraph

27  65.

28     **66.     Plaintiffs will fairly and adequately represent and protect the interests**

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

**of the members of the Class and Subclasses. Plaintiffs have no conflict with any member of the Class or Subclasses. Plaintiffs are committed to the goal of having Defendants cease their policy and/or practice of disclosing guests' personal information to federal immigration agents.**

**ANSWER**:  Paragraph 66 states legal conclusions that do not require a response. Insofar as paragraph 66 requires a response, Defendants deny the allegations in paragraph 66.

**67.     Plaintiffs have retained counsel competent and experienced in complex class actions involving race and national origin discrimination.**

**ANSWER**:  Paragraph 67 states legal conclusions that do not require a response. Insofar as paragraph 67 requires a response, Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 67 and therefore deny those allegations.

**68.     The universe of people affected by Defendants' unlawful policy and/or practice is ascertainable through Defendants' records and, therefore, the Class and Subclasses are ascertainable.**

**ANSWER**:  Paragraph 68 states legal conclusions that do not require a response. Insofar as paragraph 68 requires a response, Defendants deny the allegations in paragraph 68.

**69.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to the Class and Subclasses, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class and Subclasses as a whole. Defendants have denied the full enjoyment and benefits of accommodation to Plaintiffs and the Class and Subclasses by disclosing their personal information to federal immigration agents. Members of the Class and Subclass are entitled to injunctive relief to end Defendants' common, uniform, unfair, and discriminatory policy and/or practice.**

**ANSWER**:  Paragraph 69 states legal conclusions that do not require a response.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Insofar as paragraph 69 requires a response, Defendants deny the allegations in paragraph 69.

**70.     Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Class and Subclasses, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation since joinder of all members is impracticable. Members of the Class and Subclasses have been damaged and are entitled to recovery as a result of Defendants' common, uniform, unfair, and discriminatory policy and/or practice. Damages are capable of measurement on a class-wide basis and will be calculated based on economic and noneconomic losses incurred as a proximate result of Defendants' unlawful conduct. Plaintiffs and the Class and Subclasses will rely on common evidence to resolve their legal and factual questions. There are no pending actions raising similar claims for damages. The proposed representatives for the Class and Subclasses are residents of Arizona, with the exception of John W who is a resident of Washington. Defendants engage in continuous, permanent, and substantial activity in Arizona. There will be no undue difficulty in the management of this litigation as a class action.**

**ANSWER**:  Paragraph 70 states legal conclusions that do not require a response. Insofar as paragraph 70 requires a response, Defendants deny the allegations in paragraph 70.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Discrimination in Violation of 42 U.S.C. § 1981

**71.     Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.**

**ANSWER**:  Defendants admit that Plaintiffs have made allegations and that Plaintiffs purport to incorporate those allegations in paragraph 71.  Defendants incorporate

by reference their responses to those allegations.

**72.    Title 42 of the United States Code Section 1981 makes it unlawful for a private actor to discriminate on the basis of race or national origin in the making and enforcement of contracts.**

**ANSWER**:  Paragraph 72 states legal conclusions that do not require a response. Insofar as paragraph 72 requires a response, Defendants deny the allegations in paragraph 72.

**73.    Defendants intentionally discriminated against Plaintiffs on the basis of their race and/or national origin by denying Plaintiffs "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" in violation of 42 U.S.C. § 1981(b).**

**ANSWER**:  Defendants deny the allegations in paragraph 73.

**74.    Plaintiffs suffered damages, including emotional distress and economic losses, in an amount to be determined at trial, and as a proximate result of Defendants' conduct. Plaintiffs are entitled to punitive damages in an amount to be determined at trial.**

**ANSWER**:  Defendants deny the allegations in paragraph 74.

## SECOND CAUSE OF ACTION
### Conspiracy in Violation of 42 U.S.C. § 1985(3)

**75.    Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.**

**ANSWER**:  Defendants admit that Plaintiffs have made allegations and that Plaintiffs purport to incorporate those allegations in paragraph 75.  Defendants incorporate by reference their responses to those allegations.  Insofar as the remaining allegations in paragraph 75 require a response, Defendants deny the allegations in paragraph 75.

**76.    Title 42 of the United States Code Section 1985(3) provides a private right of action against individuals who conspire to deprive a person of the equal protection of the laws, or of having and exercising a right or privilege under the law.**

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

**ANSWER**: Paragraph 76 states legal conclusions that do not require a response. Insofar as paragraph 76 requires a response, Defendants deny the allegations in paragraph 76.

**77. Defendants are and/or were, at all material times, engaged in, and acted in furtherance of, a conspiracy in violation of 42 U.S.C. § 1985(3).**

**ANSWER**: Defendants deny the allegations in paragraph 77.

**78. Defendants acted willfully, deliberately, maliciously or with reckless disregard for the Plaintiffs' civil rights.**

**ANSWER**: Defendants deny the allegations in paragraph 78.

**79. As a result of Defendants' acts in furtherance of the conspiracy, Plaintiffs suffered damages, including, but not limited to, loss of liberty, humiliation, fear, and emotional distress. Plaintiffs are entitled to general and punitive damages in an amount to be determined at trial.**

**ANSWER**: Defendants deny the allegations in paragraph 79.

**80. As a result of Defendants' acts in furtherance of the conspiracy, Plaintiffs suffered damages, including emotional distress and economic losses, in an amount to be determined at trial. Plaintiffs are entitled to punitive damages in an amount to be determined at trial.**

**ANSWER**: Defendants deny the allegations in paragraph 80.

**THIRD CAUSE OF ACTION**
**Fourth Amendment Violation**

**81. Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.**

**ANSWER**: Defendants admit that Plaintiffs have made allegations and that Plaintiffs purport to incorporate those allegations in paragraph 81. Defendants incorporate by reference their responses to those allegations.

**82. The Fourth Amendment provides "[t]he right of people to be secure in their persons" and protects against "unreasonable searches and seizures" without a**

warrant and without probable cause. U.S. Const. Amend. IV.

**ANSWER**:  Paragraph 82 states legal conclusions that do not require a response. Insofar as paragraph 82 requires a response, Defendants deny the allegations in paragraph 82.

83.    **Defendants intentionally violated Plaintiffs' rights to be free from unreasonable and warrantless searches, in violation of the Fourth Amendment, by disclosing Plaintiffs' personal information to federal immigration officials without a warrant or reasonable suspicion of a crime and by acting on behalf of law enforcement to facilitate the arrests of Plaintiffs.**

**ANSWER**:  Defendants deny the allegations in paragraph 83.

84.    **Plaintiffs suffered damages, including emotional distress and economic losses, in an amount to be determined at trial, and as a proximate result of Defendants' conduct.**

**ANSWER**:  Defendants deny the allegations in paragraph 84.

**FOURTH CAUSE OF ACTION**
**Consumer Fraud in Violation of A.R.S. § 44-1522**

85.    **Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.**

**ANSWER**:  Defendants admit that Plaintiffs have made allegations and that Plaintiffs purport to incorporate those allegations in paragraph 85.  Defendants incorporate by reference their responses to those allegations.

86.    **A.R.S. § 44-1522 makes it unlawful to engage in deception, a deceptive or unfair act or practice, or misrepresentation in connection with the sale of merchandise.**

**ANSWER**:  Paragraph 86 states legal conclusions that do not require a response. Insofar as paragraph 86 requires a response, Defendants deny the allegations in paragraph 86.

87.    **Defendants are responsible for the conduct of their employees under the**

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

doctrine of *respondeat superior*.

**ANSWER**: Paragraph 87 states legal conclusions that do not require a response. Insofar as paragraph 87 requires a response, Defendants deny the allegations in paragraph 87.

**88.    Defendants violated A.R.S. § 44-1522 by misrepresenting their privacy policy and disclosing Plaintiffs' personal information to DHS and ICE agents.**

**ANSWER**: Defendants deny the allegations in paragraph 88.

**89.    Plaintiffs suffered damages, including emotional distress and economic losses, in an amount to be determined at trial, and as a proximate result of Defendants' conduct.**

**ANSWER**: Defendants deny the allegations in paragraph 89.

**FIFTH CAUSE OF ACTION**
**Tort for Intrusion Upon Seclusion in Violation of Arizona Law**

**90.    Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.**

**ANSWER**: Defendants admit that Plaintiffs have made allegations and that Plaintiffs purport to incorporate those allegations in paragraph 90.  Defendants incorporate by reference their responses to those allegations.

**91.    Arizona law makes it unlawful to intentionally intrude upon the seclusion or private affairs of another in a highly offensive manner.**

**ANSWER**: Paragraph 91 states legal conclusions that do not require a response. Insofar as paragraph 91 requires a response, Defendants deny the allegations in paragraph 91.

**92.    Defendants are responsible for the conduct of their employees under the doctrine of *respondeat superior*.**

**ANSWER**: Paragraph 92 states legal conclusions that do not require a response. Insofar as paragraph 92 requires a response, Defendants deny the allegations in paragraph 92.

93.     **Defendants' disclosure of Plaintiffs' personal information to federal immigration officials constitutes an invasion of Plaintiffs' privacy in violation of Arizona law.**

**ANSWER**:  Paragraph 93 states legal conclusions that do not require a response. Insofar as paragraph 93 requires a response, Defendants deny the allegations in paragraph 93.

94.     **Plaintiffs suffered damages, including emotional distress and economic losses, in an amount to be determined at trial, and as a proximate result of Defendants' conduct.**

**ANSWER**:  Paragraph 94 states legal conclusions that do not require a response. Insofar as paragraph 94 requires a response, Defendants deny the allegations in paragraph 94.

### SIXTH CAUSE OF ACTION
#### Intentional Infliction of Emotional Distress in Violation of Arizona Law

95.     **Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.**

**ANSWER**:  Defendants admit that Plaintiffs have made allegations and that Plaintiffs purport to incorporate those allegations in paragraph 95.  Defendants incorporate by reference their responses to those allegations.

96.     **Arizona law makes it unlawful to engage in extreme and outrageous conduct that may cause severe emotional distress to another.**

**ANSWER**:  Paragraph 96 states legal conclusions that do not require a response. Insofar as paragraph 96 requires a response, Defendants deny the allegations in paragraph 96.

97.     **Defendants are responsible for the conduct of their employees under the doctrine of *respondeat superior*.**

**ANSWER**:  Paragraph 97 states legal conclusions that do not require a response. Insofar as paragraph 97 requires a response, Defendants deny the allegations in paragraph

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

1    97.

2        **98.    Defendants' disclosure of Plaintiffs' personal information to federal**

3    **immigration officials constitutes the intentional infliction of emotional distress in**

4    **violation of Arizona law.**

5        **ANSWER**:  Defendants deny the allegations in paragraph 98.

6        **99.    Plaintiffs suffered damages, including emotional distress and economic**

7    **losses, in an amount to be determined at trial, and as a proximate result of**

8    **Defendants' conduct.**

9        **ANSWER**:  Defendants deny the allegations in paragraph 99.

10                    **SEVENTH CAUSE OF ACTION**
                 **Breach of Contract in Violation of Arizona Law**
11

12        **100.   Plaintiffs incorporate all of the allegations contained in the previous**

13    **paragraphs of this complaint as though fully set forth here.**

14        **ANSWER**:  Defendants admit that Plaintiffs have made allegations and that

15    Plaintiffs purport to incorporate those allegations in paragraph 100.  Defendants

16    incorporate by reference their responses to those allegations.

17        **101.   Arizona law makes it unlawful for a party to a contract to engage in a**

18    **material breach of a contract.**

19        **ANSWER**:  Paragraph 101 states legal conclusions that do not require a response.

20    Insofar as paragraph 101 requires a response, Defendants deny the allegations in paragraph

21    101.

22        **102.   Defendants are responsible for the conduct of their employees under the**

23    **doctrine of *respondeat superior*.**

24        **ANSWER**:  Paragraph 102 states legal conclusions that do not require a response.

25    Insofar as paragraph 102 requires a response, Defendants deny the allegations in paragraph

26    102.

27        **103.   Defendants materially breached their contract with Plaintiffs, in**

28    **violation of Arizona law, by disclosing guests' personal information in violation of**

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

1    Defendants' privacy policy, and by denying Plaintiffs the benefit of their contract

2    with Defendants.

3        **ANSWER**:  Defendants deny the allegations in paragraph 103.

4        **104.    Plaintiffs suffered damages, including emotional distress and economic**

5    **losses, in an amount to be determined at trial, and as a proximate result of**

6    **Defendants' conduct.**

7        **ANSWER**:  Defendants deny the allegations in paragraph 104.

8                    <ins>**EIGHTH CAUSE OF ACTION**</ins>
         **False Imprisonment in Violation of Arizona Law**

9

10       **105.    Plaintiffs incorporate all of the allegations contained in the previous**

11   **paragraphs of this complaint as though fully set forth here.**

12       **ANSWER**:  Defendants admit that Plaintiffs have made allegations and that

13   Plaintiffs purport to incorporate those allegations in paragraph 105.  Defendants

14   incorporate by reference their responses to those allegations.

15       **106.    Arizona law makes it unlawful for a party to intentionally restrain**

16   **another person to an area within the party's control without lawful authority or**

17   **consent.**

18       **ANSWER**:  Paragraph 106 states legal conclusions that do not require a response.

19   Insofar as paragraph 106 requires a response, Defendants deny the allegations in paragraph

20   106.

21       **107.    Arizona law also makes it unlawful for a party to instigate or participate**

22   **in the false imprisonment of another.**

23       **ANSWER**:  Paragraph 107 states legal conclusions that do not require a response.

24   Insofar as paragraph 107 requires a response, Defendants deny the allegations in paragraph

25   107.

26       **108.    Defendants are responsible for the conduct of their employees under the**

27   **doctrine of *respondeat superior*.**

28       **ANSWER**:  Paragraph 108 states legal conclusions that do not require a response.

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Insofar as paragraph 108 requires a response, Defendants deny the allegations in paragraph 108.

**109.   Defendants intentionally instigated or participated in the false imprisonment of Plaintiffs, in violation of Arizona law, by disclosing Plaintiffs' personal information to federal immigration officials who detained Plaintiffs without a warrant or reasonable suspicion of a crime and by acting on behalf of law enforcement to facilitate the arrests of Plaintiffs.**

**ANSWER**:  Defendants deny the allegations in paragraph 109.

**110.   Plaintiffs suffered damages, including emotional distress and economic losses, in an amount to be determined at trial, and as a proximate result of Defendants' conduct. Plaintiffs are entitled to compensation for physical discomfort or inconvenience, and for any resulting physical illness or injury to health.**

**ANSWER**:  Defendants deny the allegations in paragraph 110.

## DEFENSES

1.   ***Failure to state a claim***.  The Class Action Complaint fails to state a claim on which relief can be granted.

2.   ***Supremacy Clause***.  The Class Action Complaint is barred by the Supremacy Clause of the United States Constitution.

## PRAYER FOR RELIEF

**WHEREFORE, Defendants pray for judgment as follows:**

1.   That Plaintiffs be denied all forms of relief requested in the Class Action Complaint;

2.   That the Class Action Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

3.   That Defendants be awarded their costs and attorneys' fees to the extent allowable by law; and

4.   For such other and further relief as the Court deems just and proper.

1

2       DATED this 8th day of May, 2018.

3                                    SNELL & WILMER L.L.P.

4

5                          By:  *s/Patricia Lee Refo*
                                  Don Bivens

6                                  Patricia Lee Refo
                                  One Arizona Center

7                                  400 E. Van Buren St., Suite 1900
                                  Phoenix, Arizona  85004-2202

8                                  *Attorneys for Defendant Motel 6*
                                  *Operating L.P., G6 Hospitality LLC*

9                                  *dba Motel 6*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8th, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all attorneys of record.

Thomas A. Saenz
Andres R. Holguin-Flores
Andres J. Gallegos
Mexican American Legal Defense and Educational Fund
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway St., Suite 300
San Antonio, TX 78205

Daniel R. Ortega, Jr.
Ortega Law Firm, P.C.
361 East Coronado Road, Suite 101
Phoenix, AZ 85004

*Attorneys for Plaintiffs*


*s/Gail Lass*