IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane V.; John A.; John E.; Jane F.; John D.; John M.; Jane N.; and John W.; individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>Motel 6 Operating L.P., a limited partnership; G6 Hospitality LLC, a limited liability company, dba Motel 6; and Does 1-10,<br><br>            Defendants. | No.: 2:18-cv-00242-DGC<br><br>**[PROPOSED] ORDER** |

Plaintiffs Jane V.; John A.; John E.; Jane F.; John D.; John M.; Jane N.; and John W. and Defendants Motel 6 Operating L.P. and G6 Hospitality LLC have entered into a Settlement Agreement, a copy of which is attached as *Exhibit A*. The Parties have filed a Joint Motion for an Order (1) Granting Preliminary Approval of Class Action Settlement, (2) Conditionally Certifying Settlement Class, (3) Appointing Class Representatives and Class Counsel, (4) Approving Notice Plan, and (5) Setting Final Approval Hearing.

Having reviewed the Settlement Agreement, the Joint Motion and the pleadings and other papers on file in this action, the Court finds that the Joint Motion should be GRANTED and that this Order should be entered. The Court gives its preliminary approval to the terms of the Settlement Agreement, subject to a Final Approval Hearing to be held for the purpose of deciding whether to grant final approval to the settlement.

4842-6799-9609.4
404961777.1

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

**DEFINITIONS**

1. For purposes of this Order, the Definitions in Section III of the Settlement Agreement shall apply.

**RULE 23(a)**

2. The Court finds that each of the prerequisites of Rule 23(a) is satisfied.

   a. The class is so numerous that joinder of all members is impractical. Defendants stipulate that the Primary Class contains thousands of members, and common sense indicates that Classes 2 and 3 are sufficiently numerous. *See Newberg on Class Actions* § 3.3 (4th ed.2002) (where "the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied").

   b. There are numerous questions of law or fact common to the class. All class members are individuals whose Guest Information was provided to Federal Immigration Authorities or who were questioned or placed in immigration removal proceedings as a result of Guest Information being provided to Federal Immigration Authorities.

   c. The claims of the representative parties are typical of the claims of the class. Defendants' records indicate that six Plaintiffs are members of the Primary Class. All but one Plaintiff was arrested at a Motel 6 property, placed in removal proceedings, and is either a Primary Class member or shared a room at Motel 6 with a Primary Class member at the time of his or her arrest. They are thus members of Class 3. The remaining proposed class representative was interrogated by Federal Immigration Authorities at a Motel 6 property while sharing a room with a Primary Class member, but was not placed in removal proceedings. She is thus a member of Class 2.

d. The representative parties will fairly and adequately protect the interests of the class. Plaintiffs do not have interests that conflict with the proposed Settlement Class. Plaintiffs allege that they, like all Class Members, contracted for hospitality services and had their Guest Information disclosed to Federal Immigration Authorities or were interrogated and/or placed in removal procedures as a result of Guest Information being disclosed to Federal Immigration Authorities. Plaintiffs' counsel also satisfies the adequacy requirement, as is evidenced by their thorough investigation, detailed Complaint, and extensive work in mediating and negotiating the proposed Settlement. Plaintiffs' counsel has numerous years' experience, and demonstrated success, in bringing class action claims. MALDEF, one of Plaintiffs' counsel, is a longstanding non-profit whose mission is to provide legal services to individuals such as Plaintiffs and members of the Settlement Class. Proposed Class Counsel are competent and qualified and will more than adequately protect the Class' interests.

**RULE 23(b)**

3. For purposes of equitable and monetary relief under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), respectively, the classes represented by Plaintiffs are defined as follows:

a. A Primary Class, consisting of all persons who stayed at an Operated Location between February 1, 2017, and November 2, 2018, and whose Guest Information was provided to Federal Immigration Authorities by Defendants' employees, except those who file a timely request to opt-out of the monetary damages provisions.

b. Class 2, consisting of all persons who are not members of Class 3 who were questioned and/or interrogated by Federal Immigration Authorities at an Operated Location as a result of a Primary Class Member's Guest Information being provided to Federal Immigration Authorities, except

those who file a timely request to opt-out of the monetary damages provisions.

   c. Class 3, consisting of all persons who were placed in immigration removal proceedings in connection with their encounter with Federal Immigration Authorities at an Operated Location as a result of a Primary Class Member's Guest Information being provided to Federal Immigration Authorities, except those who file a timely request to opt-out of the monetary damages provisions.

4. For purposes of the injunctive relief set forth in the proposed settlement, Defendants have acted or refused to act on grounds that apply generally to the Primary Class under Rule 23(b)(2). Plaintiffs' request for monetary relief in this case is "incidental" to the Complaint's primary claims for injunctive relief. *Wal-Mart Store, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Plaintiffs have obtained an agreement by Defendants to stop the conduct at issue and institute policies and procedures for addressing requests from Federal Immigration Authorities to prevent the conduct alleged in the complaint from reoccurring and to enable Motel 6 guests to raise concerns if they believe the alleged conduct has recurred, as memorialized in the Agreement. Further, claims by Class Members for monetary relief are secondary in that the compensation flows directly out of Defendants' conduct that affected all class members.

5. For purposes of the monetary relief set forth in the proposed settlement,[1] the questions of law or fact common to the class predominate over questions affecting only individual members. Further, damages can be measured with a common methodology

---

[1] The Agreement provides that: (1) Defendants will pay $50 in damages to each member of the Primary Class who is not also a member of either Class 2 or Class 3 and makes a legitimate claim in the determination of the Claims Administrator, up to a class-wide total of $1,000,000; (2) Defendants will pay $1000 in damages to each member of Class 2 who makes a legitimate claim in the determination of the Claims Administrator, up to a subclass-wide total of $1,000,000; and (3) Defendants will pay each member of Class 3 who makes a legitimate claim in the determination of the Claims Administrator an amount in damages of at least $7,500 to be determined by the Claims Administrator in consultation with Class Counsel, up to a class-wide total of $5,600,000.

that is directly connected to the alleged wrong as described in the Agreement. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 34–38 (2013).

6. Class treatment is also the superior means to adjudicate Plaintiffs' claims. Resolving all claims in one proceeding will preserve efficiency for the parties and judicial economy. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-339 (1980). In addition, continued litigation without class certification could potentially "dwarf potential recovery." *Hanlon*, 150 F.3d at 1023.

**PRELIMINARY APPROVAL**

7. At this preliminary approval stage, a final analysis of the settlement's merits is not required. Instead, a more detailed assessment is reserved for final approval after class notice has been sent and class members have had the opportunity to object to, or to opt-out of the monetary damages provision of, the settlement. *See* Moore's Fed. Prac. § 23.165[3] (3d ed. 2005). Accordingly, "[p]reliminary approval of a settlement and notice to the proposed class is appropriate [i]f [1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with[in] the range of possible approval[.]" *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009) (citation and internal quotations omitted); *accord Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 363 (D. Ariz. 2009) (Campbell, J.). All of the above factors are amply satisfied here and the terms are fair. All factors required for issuing notice under the amendments to Rule 23(e) effective December 1, 2018 are also satisfied here.

8. The Parties' negotiations were also vigorous and contested, with both Parties represented by experienced counsel. The Parties engaged in a series of informal, arm's length discussions over a period of months before enlisting the services of an independent, professional mediator. A full-day mediation resulted in a tentative settlement Agreement. These lengthy negotiations before a third party demonstrate that the settlement was not collusive. *See, e.g.*, *Adams v. Inter-Con Sec. Sys., Inc.*, No. C-06-

1 | 5428 MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."). The Agreement does not give preferential treatment to the Class Representatives.

**CONDITIONAL CLASS CERTIFICATION**

9. The Court conditionally certifies for settlement purposes the following class and subclasses of plaintiffs:

10. A Primary Class, consisting of all persons who stayed at an Operated Location between February 1, 2017, and November 2, 2018, and whose Guest Information was provided to Federal Immigration Authorities by Defendants' employees, except those who file a timely request to opt-out of the monetary damages provisions.

11. Class 2, consisting of all persons who are not members of Class 3 who were questioned and/or interrogated by Federal Immigration Authorities at an Operated Location as a result of a Primary Class Member's Guest Information being provided to Federal Immigration Authorities, except those who file a timely request to opt-out of the monetary damages provisions.

12. Class 3, consisting of all persons who were placed in immigration removal proceedings in connection with their encounter with Federal Immigration Authorities at an Operated Location as a result of a Primary Class Member's Guest Information being provided to Federal Immigration Authorities, except those who file a timely request to opt-out of the monetary damages provisions.

13. Jane V.; John A.; John E.; John D.; John M.; and John W. are designated as class representatives of the Primary Class. Jane F. is designated as class representative of Class 2. Jane V.; John A.; John E.; John D.; John M.; Jane N.; and John W. are designated as class representatives of Class 3.

14. MALDEF and the Ortega Law Firm are appointed as counsel to the class.

15. The Court appoints Martin F. Scheinman, Esq. to serve as the Settlement Administrator to perform the tasks described, and be compensated as set forth, in the Settlement Agreement.

16. The Court appoints Arden Claims Service in Port Washington, New York to serve as the Claims Administrator to perform the tasks described, and be compensated as set forth, in the Settlement Agreement.

**NOTICE**

17. The Claims Administrator shall by _____ cause notice to be mailed in the name of the clerk by first class mail, postage prepaid, to all class members who can be identified by the means described in the Settlement Agreement. The Notice shall be substantially in the form attached as *Exhibit B*, and be sent in both English and Spanish.

18. In addition, the Class Counsel shall cause notice of the class settlement to be published substantially in the form attached as *Exhibit C* on MALDEF's Facebook and Twitter accounts and the Claims Administrator shall cause notice of the class settlement to be published substantially in the form attached as *Exhibit D* on the website to be established by the Claims Administrator. The notice shall be posted in both English and Spanish.

19. The Court finds that notice in the manner set forth herein is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, is the best practicable notice, and is reasonably calculated to apprise members of the Primary Class of the pendency of this action and of their right to object or to exclude themselves from the monetary portions of this settlement.

**REQUESTS FOR EXCLUSION AND CLAIM FORMS**

20. Any member of the Settlement Class who wishes to be excluded from the settlement must comply with the terms set forth in *Exhibit D* and incorporate the language set forth in Section XII.F.1.b.i of *Exhibit A* and submit a request for exclusion received online by the Claims Administrator or postmarked no later than _____.

21. Any Member of the Settlement Class who submits a request for exclusion and wishes to rescind that request must do so by _____. The request to rescind the request for exclusion must comply with the terms set forth in *Exhibit D*, and incorporate the language set forth Section XII.F.1.c.i of *Exhibit A*.

22. Potential Class Members who seek monetary damages must complete a claim form substantially in the form attached as *Exhibit E* and cause it to be filed with the Claims Administrator by _____. The claim form must be postmarked or submitted online on or before such date in order to be considered timely. Failure to file a timely claim form, for any reason whatsoever, shall bar the potential Class Member from having his or her claim considered and from receiving monetary damages from the Settlement Account. Claims may be filed by deceased claimants through representatives of their estate if appropriate documentation is provided.

23. The Claims Administrator shall make the determination as to whether a claim form is complete. If it is not complete, the Claims Administrator shall request additional information from the claimant, if it appears that such additional information would complete the Claim Form. Such requests for information shall be in writing and shall specify the information necessary to complete the claim form. The requests for information will be sent via first class mail, printed in English and Spanish, and inform the claimant that a response must be returned no later than forty-five (45) days from the date the request for information was mailed. The claimant must provide the requested information, signed under penalty of perjury, to the Claims Administrator by mail with a postmark no later than forty-five (45) days from the date of the mailed request for information. Such additional information shall be considered part of the original claim form and will relate back to the original filing date. The failure of a claimant to timely respond to the request for information may result in the denial of the claim.

24. For claims received after the filing deadline, the Claims Administrator shall notify late-filing claimants that their claims are untimely and that they are not eligible for any monetary award. The Claims Administrator shall also inform late-filing claimants

that they may seek a review of the determination that they filed untimely by requesting the Claims Administrator to reconsider its determination. The Claims Administrator may reverse its determination that a claim was not timely filed only if the claimant proves that (1) the claim form was filed on or before the filing deadline and that the untimeliness determination is erroneous; or (2) that he or she could not timely complete the claim form due to exceptional circumstances, which includes deportation, change of address, or other events that the Claim Administrator may consider.

**APPEALS OF CLAIMS ELIGIBILITY**

25. Within ninety (90) days of the close of the claims filing period, all ineligible claimants shall receive written notice of their ineligibility for monetary damages. Any claimants wishing to seek review of their ineligibility determinations must do so by returning a written request for review to the Claims Administrator by mail with a postmark no later than twenty-one (21) days from the date of the notice of claim ineligibility. Failure to file a timely request for review shall bar a claimant from challenging a determination of ineligibility.

26. The Claims Administrator shall resolve the requests for review based on the written requests for review and any other documentation or written information submitted by the claimant, or deemed necessary by the Claims Administrator. The Claims Administrator may seek further written information from the claimant as to the basis of their request and may consider the written arguments of Class Counsel or Defendants.

27. The Claims Administrator shall attempt to expeditiously resolve any requests for review within sixty (60) days after the filing of the request for review. The Claims Administrator's decisions shall be communicated to the claimant in writing and shall be binding and non-appealable.

**OBJECTIONS**

28. Class Members objecting to the terms of the Agreement must submit them online or postmarked to the Claims Administrator by _____. The written objection must include (1) a detailed statement with specificity of the reasons for the objection; (2)

the objecting Class Member's name, address, and telephone number; (3) the date and location of the Operated Location at which the objecting Class Member stayed; (4) the circumstances (if any) in which the Class Member was contacted by Federal Immigration Authorities and/or placed in removal proceedings; (5) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; and (6) the objecting Class Member's signature.

29. The Claims Administrator will record the date of receipt of the objection and forward it to both Class Counsel and Defendants within two (2) business days following receipt. The Claims Administrator will also file the original objections with the Clerk of the Court no later than five (5) days prior to the scheduled Final Approval Hearing date. The Claims Administrator shall retain copies of all written objections until such time as it has completed its duties and responsibilities under this Agreement.

**FINAL HEARING**

30. A Final Approval Hearing shall be held on _____ at _____ for the purpose of determining whether the proposed settlement is fair, reasonable and adequate and should be finally approved by the Court, and for ruling on the Parties' request that Defendants shall pay to MALDEF $300,000 for litigation-related attorneys' fees, expenses and costs.

31. The Parties shall file with the Court their motion for final settlement approval on a date that is no later than 21 days before the date of the Final Approval Hearing.

32. The Parties will file with the Court a reply brief in support of Final Approval that responds to any objections no later than 7 days before the date of the Final Approval Hearing.

33. Objectors who intend to appear at the Final Approval Hearing will file with the Court and mail to the Parties a Notice of Intent to Appear that complies with the terms set forth in *Exhibit D* no later than 7 days prior to the Final Approval Hearing.

34.     The Court reserves the right to adjourn or to continue the Final Approval Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Approval Hearing or at any adjournment or continuance thereof; and to approve the settlement with modifications, if any, consented to by Class Counsel and Defendants without further notice.

35.     All pretrial proceedings and deadlines in this lawsuit are stayed and suspended until further order of this Court.

DATED this ____ day of _____, 2018.

_____
David G. Campbell, United States District Judge